■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FUENTES, Appellant. [900 NYS2d 648]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated February 5, 2008 (*People v Fuentes,* 48 AD3d 479 [2008], *affd* 12 NY3d 259 [2009]), affirming a judgment of the Supreme Court, Kings County, rendered February 28, 2006.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes,* 463 US 745 [1983]; *People v Stultz,* 2 NY3d 277 [2004]). Prudenti, P.J., Rivera, Skelos and Dillon, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GODWIN, Appellant. [899 NYS2d 905]—Appeal by the defendant from a resentence of the County Court, Suffolk County (Kahn, J.), imposed March 12, 2009, which, upon his conviction of rape in the first degree (two counts), sexual abuse in the first degree (four counts), and endangering the welfare of a child, upon his plea of guilty, imposed a period of postrelease supervision of five years in addition to the determinate sentences of imprisonment of nine years for rape in the first degree, five years for sexual abuse in the first degree, and one year for endangering the welfare of a child imposed by the same court (Ohlig, J.), on October 12, 1999.

Ordered that the resentence is reversed, on the law, and the original sentence is reinstated.

As the People correctly concede, the imposition of a period of postrelease supervision on this defendant violated his rights under the Double Jeopardy Clauses of the United States and New York Constitutions (*see* US Const, 5th Amend; NY Const, art I, § 6; *People v Williams,* 14 NY3d 198 [2010]). Accordingly, the resentence must be reversed, and the original sentence reinstated. Miller, J.P., Leventhal, Chambers and Lott, JJ., concur.